## IN THE UNITED STATES BANKRUPTCY COURT
### Middle District of Louisiana

| | |
|---|---|
| **IN RE**: | CASE NO. 05-10624 |
| Harold Lyssy | |
| | Chapter 7 |
| **DEBTOR** | |
| | |
| Mary Smith Lyssy White | |
| **PLAINTIFF** | |
| VERSUS | ADVERSARY NO. 05-1074 |
| Harold Lyssy | |
| **DEFENDANT** | |

### POST-TRIAL MEMORANDUM BY MARY SMITH LYSSY WHITE

The trial in this matter was heard on May 10, 2005. At that time the court heard the testimony of the parties and argument of counsel concerning the main issue in this case, namely, whether or not the military retirement benefit payments that Harold Lyssy received between the time of his retirement and when Mary Smith Lyssy White sought reimbursement for her portion of those payments, which are covered by Family Court Judge LaSalle's ruling, are dischargeable under Mr. Lyssy's Chapter 13 bankruptcy case. Mr. Lyssy received both his portion of those retirement benefits as well as Ms. White's portion of the benefits and filed this bankruptcy case, at least in part, to avoid having to reimburse Ms. White for the amount that Judge LaSalle ruled that he owed to her for the payments he had already received.

Upon Mr. Lyssy's filing of his bankruptcy case, Ms. White filed the present adversary proceeding, seeking to have this debt declared non-dischargeable. After Mr. Lyssy's conversion from Chapter 7 to Chapter 13 and Ms. White's amendment of her complaint, the only supportable basis for her complaint was to claim that under §523(a)(5) that the debt concerning the retirement

benefit was in the nature of a domestic support obligation.

The court's inquiry into whether this case falls under §523(a)(5) is two-fold.  First, the court must determine if a support obligation exists.  This determination is made pursuant to state law.  In re Warner, 5 B.R. 434, 6 Bankr.Ct. Dec. (CRR) 788, Bankr.L.Rep. (CCH) 67631 (Bankr. D. Utah 1980); In re Carrigg, 04 B.R. 658, 8 Bankr.Ct. Dec. (CRR) 330, 5 Collier Bankr. Cas. 2d (MB) 446 (Bankr. D.S.C. 1981).  The second inquiry is to determine if the support obligation does exist, is it dischargeable.  This second determination is made pursuant to federal law. Sylvester v. Sylvester, 865 F.2d 1164, 19 Bankr.Ct. Dec. (CRR) 44, Bankr.L.Rep. (CCH) 72632 (10th Cir. 1989); In re Harrell, 754 F.2d 902, 12 Bankr.Ct. Dec. (CRR), 12 Collier Bankr. Cas. 2d (MB) 340, Bankr.L.Rep. (CCH) 70299 (11th Cir. 1985).

At the trial of this matter, counsel for Ms. White attempted to establish that Mr. Lyssy and Ms. White intended that Mr. Lyssy's monthly military retirement benefit would, at least in part, provide for the support of both of them upon their separation.  Mr. Lyssy recognized that a portion of the retirement benefits he received actually belonged to Ms. White and that he did, in fact, have a duty to support his ex-wife.  Although he recognized this duty, he testified that although he spoke to Ms. White about this, he was waiting on her to take some affirmative step to secure her portion of the benefits.  He obviously took the position that the longer she waited, the better for him because he would receive a larger benefit per month.  For her part, Ms. White testified that she was having a hard time raising their children following the separation and had a difficult time collecting child support from Mr. Lyssy.  Based on her testimony, it would be safe to assume that she either did not have the financial ability or was not sophisticated enough to know that she needed to take the necessary legal steps to secure her portion of the retirement benefits.

The federal law inquiry concerning the dischargeability of the support obligation, once

established, looks to establish whether the support obligation can be characterized under §523(a)(5) as an obligation in the nature of alimony, maintance or support. In this case, the obligation is not one specifically arising under child support or alimony, but is one arising under a retirement benefit, which could be charaterized as simply a division of martial property, which would be a dischargeable obligation. Therefore, the inquiry in this case becomes whether either the parties and/or the family law court intended the payments under Mr. Lyssy's retirement to be for Ms. White's support or simply for the division of former community property.

Ms. White contends that, although the payments from the retirement benefit do at least in part represent a division of martial property, the purpose of asset itself is to provide for the support of both spouses. The retirement provides a steam of payments to the intended recipient over a period of time. This type of retirement is not simply a tax-deferred savings account, such as a 401(k), where the family court need simply split the money contributed during the marriage between the spouses. It is a plan similar to a defined benefit plan whereby the payments are determined by the employee's, or in this case service member, years of service and salary upon retirement. It provides a monthly benefit, for the montly support of the receipant. This retirement plan can clearly be said to express, or discharge, a duty of support whereby in this case Mr. Lyssy's military service during the marriage gives Ms. White a monthly payment for her support.

One additional issue in this case concerns the fact that the amount that Ms. White seeks to have declared non-dischargeable represents retirement benefit payments that Mr. Lyssy has already received. Ms. White contends that this should make no difference to the court's examination under §523(a)(5). If the court is inclined to accept Ms. White's argument that these military retirement benefits do express a duty of support and that future benefit payments would not be dischargeable for this reason, then the fact that the current debt represents past due

payments should not matter.  The purpose of the payments that Ms. White never received was for her support.  If the court accepts this fact, those payments are placed in the same category as child support and alimony.  As with those obligations, if the payor refuses to meet his obligation even over a period of time, bankruptcy will not assist him in avoiding payment.  Mr. Lyssy owed a portion of the payments he received to Ms. White.  The lump sum the family court awarded to Ms. White should not be seem simply as a lump sum benefit.  The lump sum was derived from the individual montly benefit payments that Ms. White was supposed to have received and which Mr. Lyssy owed to her.  The reason he had this obligation was not only because of Ms. White's community property interest in those payments, but because he had a duty to support her and each one of those those payments expressed and would have discharged his duty to support her.  Mr. Lyssy, however, failed to meet his obligation many times over, resulting in the current lump-sum award that was made to Ms. White.  He should not now be allowed to use bankruptcy to avoid payment simply because he failed to meet his obligation over a long period of time.

For all these reasons, the creditor, Mary Smith Lyssy White, contends that the evidence, the pleadings and testimony of the parties demonstrate that the requirements of 11 U.S.C Sec. 523(a)(5) have been met and this debt should be declared non-dischargeable.

Dated: June 9, 2006

Respectfully Submitted:

/s/David H. Cliburn
David H. Cliburn (Bar Roll #21529)
ATTORNEY AT LAW
2008-B Burnside Ave.
Gonzales, LA 70737
(225)647-4118

## IN THE UNITED STATES BANKRUPTCY COURT
### Middle District of Louisiana

| | | |
|---|---|---|
| **IN RE**: | } | **CASE NO.** 05-10624 |
| Harold Lyssy | } | |
| | } | Chapter 7 |
| **DEBTOR** | } | |
| | | |
| Mary Smith Lyssy White | } | |
| **PLAINTIFF** | } | |
| **VERSUS** | } | **ADVERSARY NO.** 05-1074 |
| Harold Lyssy | } | |
| **DEFENDANT** | } | |

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Pretrial Memorandum has been served upon the following:

James M. Herpin
5555 Hilton Ave., Ste. 555
Baton Rouge, LA 70808

through facsimile as well as by depositing a copy of same in the U.S. Mail, properly addressed, postage prepaid, this 9th day of June, 2006.

/s/David H. Cliburn
DAVID H. CLIBURN