UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **HAROLD LYSSY** | **05-10624** |
| DEBTOR | CHAPTER 13 |
| **MARY SMITH LYSSY WHITE** | ADV. NO. |
| PLAINTIFF | **05-1074** |
| V. | |
| **HAROLD LYSSY** | |
| DEFENDANT | |

**MEMORANDUM OPINION**

Plaintiff Mary Lyssy White asserts that her claim for a share of military retirement payments that her former husband, defendant Harold Lyssy, received and spent over an unspecified period before his 2005 bankruptcy filing is one for spousal support. Thus, she sued to determine the dischargeability of Lyssy's debt to her under 11 U.S.C. §523(a)(5).[1] Because plaintiff is not entitled to relief under Bankruptcy Code section 523(a)(5), the court will dismiss her complaint.

**Facts**

Mary Lyssy White and Harold Lyssy married in 1969 and divorced in 1986, while Harold was serving in the United States Marine Corps. When the couple divorced, White

---

[1] White originally sued Lyssy, then a chapter 7 debtor, for a determination of dischargeability under 11 U.S.C. §523(a)(4) and (6). She amended her complaint to add a claim under Bankruptcy Code §523(a)(5) after Lyssy converted his case to a chapter 13. The October 25, 2005 Order Following Scheduling Conference (P-19) stated that, following the conversion, plaintiff's only remaining claim to be tried was that under §523(a)(5).

was working outside the home.  Lyssy paid child support of between $600 and $700 on account of the minor children of the marriage.  No party offered evidence of a court order from the Orleans Parish divorce proceeding that imposed on Lyssy a support obligation that remains unfulfilled.[2]

Lyssy retired from the Marine Corps in 1992, after which he received a military pension.  He insisted he told White of his retirement, and explained to her that she should hire a lawyer to obtain a court order securing her share of his pension benefit.  At trial, Lyssy testified that he has always agreed White was entitled to a part of his military retirement, but disputed the calculation of her share of the retirement.

In 1996, the same year she married Arthur L. White, Mary White sued Lyssy in Civil District Court in New Orleans to obtain a share of the military pension.  Mrs. White admitted on cross examination that her lawsuit later was dismissed, apparently before judgment.[3]  White sued Lyssy again in 2003, this time in family court in East Baton Rouge Parish.  White's lawsuit sought to partition the military retirement benefits acquired during their marriage on the ground that they were property of the former marital community.  The lawsuit culminated in the family court's extensive written ruling[4] that Lyssy owed White $88,187.16, comprising White's 34.375% interest in retirement benefits Lyssy already had received.  The family court also concluded that White was entitled to 34.375% of all of Lyssy's future military retirement benefits.

---

[2] Although Mrs. White testified that Lyssy did not pay all the child support he owed her, whether he did is irrelevant in this proceeding, because White's complaint addresses only her claim to a share of the pension payments.

[3] On cross-examination, White said her former lawyer "drug it out."  Lyssy's testimony established that the lawsuit was dismissed as abandoned.

[4] *See* February 14, 2005 Notice of Rendition of Judgment and Written Reasons of the Family Court for East Baton Rouge Parish, Louisiana (Plaintiff's Exhibit 1 *in globo*).

Lyssy filed chapter 7 on March 7, 2005. White filed a complaint on May 25, 2005 alleging that Lyssy's debt to her for her portion of the retirement benefits Lyssy had received pre-petition was nondischargeable under 11 U.S.C. §523(a)(4) and (6). On Lyssy's motion, the chapter 7 case was converted to a chapter 13 proceeding on July 14, 2005. After a scheduling conference, White amended her complaint to include an allegation that the family court's award to her was "clearly in the nature of 'alimony, maintaince [sic] or support' obligation within the meaning of 11 USC §523(a)(5)."[5] The claim under §523(a)(5) is White's *only* remaining viable claim, as a result of the conversion.[6]

The debtor consented to relief from the automatic stay in an order that, among other things, allowed White to prosecute the family court proceeding to a final judgment.[7]

**Analysis**

I.   Dischargeability of Debts in Chapter 13 Cases

Chapter 13 debtors are eligible for a broad discharge upon completion of their repayment plans. 11 U.S.C. §1328(a). Thus, although a chapter 7 debtor cannot discharge *any* of the debts enumerated in 11 U.S.C. §523(a), in contrast chapter 13 debtors who make all plan payments are entitled to a discharge of all debts provided for by the plan or disallowed under 11 U.S.C. §502, other than those excepted from

---

[5] "Supplemental Complaint to Determine Dischargeability of Debt" (P-10).

[6] See footnote 1, above.

[7] September 30, 2005 Order Terminating Stay (P-43 in case no. 05-10624). Lyssy filed bankruptcy before Judge Annette M. Lassalle entered the November 7, 2005 judgment consistent with her written opinion. Notably, the copy of White's proof of claim offered as an exhibit at the hearing on the motion for relief from the stay states that the basis for her claim is "*retirement benefits* wrongly received/converted." (Emphasis added.)

3

discharge by 11 U.S.C. §523(a)(5), (8) or (9). 11 U.S.C. §1328(a)(2).[8] This no doubt led White to amend her complaint after Lyssy converted his case to a chapter 13 proceeding in July 2005, because originally White had alleged that Lyssy's debt to her was nondischargeable under 11 U.S.C. §523(4) and (6).[9]

Therefore, the threshold issue is whether White's claim against Lyssy is one for alimony or support within the meaning of 11 U.S.C. §523(a)(5).

II.   Nature of White's Claim Against the Debtor

No party offered evidence of a separation agreement or court order establishing White's right to collect from Lyssy apart from Judge Lassalle's February and August 2005 rulings, and the November 7, 2005 judgment. The family court concluded, and the debtor prudently concedes, that White has an interest in Lyssy's military pension, which was treated as community property. Judge Lassalle's rulings – in particular the February 14, 2005 opinion – make plain that White's claim is one for *partition of property* of the former community. The family court found that White filed a petition for judicial partition of community property, including the retirement benefits, in accordance with La. R.S. 9:2801, because the parties themselves had been unable to "amicably partition these benefits."[10] It held that Lyssy remained obligated to partition the retirement

---

[8] Debts covered by 11 U.S.C. §1322(b)(5) (that is, long-term debts that a debtor agrees to continue repaying after the completion of the payments under the terms of the chapter 13 plan) and debts for restitution or a criminal fine are also excepted from the chapter 13 discharge. 11 U.S.C. §1328(a)(1) and (3). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended the provisions of §1328(a) to include other debts excepted from discharge under 11 U.S.C. §523(a) from the chapter 13 discharge. However, those amendments were effective October 17, 2005, after Lyssy filed his March 7, 2005 petition.

[9] An amendment to White's complaint to add a claim under 11 U.S.C. §523(a)(15), which excepts from discharge certain debts incurred in connection with a divorce property settlement, would have been futile, because those debts are dischargeable in chapter 13 cases.

[10] Notice of Rendition of Judgment and Written Reasons, February 14, 2005, ¶2 (Plaintiff's Exhibit 1 *in globo*). Section 2801 of title 9 addresses only the partitioning of community property or property held in

benefits, citing Louisiana Civil Code articles providing that each co-owner of the former community property has the right to demand partition of things held in indivision after a marriage terminates.[11]  Although this court is not bound by the family court's findings and decision in the context of a dischargeability action, *Matter of Dennis*, 25 F.3d 274, 277-78 (5th Cir. 1994), its analysis is persuasive.

White's counsel gamely tried to elicit testimony from his client in an effort to prove that Lyssy's obligation to her is in the nature of support, and also to characterize her interest in the pension as support.  However, none of the evidence adduced at trial supports that position.  Nor has White pointed to any provision of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. §1408, that specifically characterizes military retirement benefits as support payments for either the retired service member or a former spouse.  Indeed, §1408(c)(1) allows a state court to treat the disposable part of military retirement pay as *property* of the service member and the former spouse "in accordance with the law of the jurisdiction of such court."  The written opinion of Judge Lassalle made that exact determination regarding the nature of Lyssy's obligation to White in connection with the retirement benefits[12] and no basis exists for revisiting the family court's conclusion.

---

co-ownership after a marriage terminates.  The statute makes no reference to spousal support or alimony, which is the subject of La. Civil Code arts. 111 through 117.

[11]  Notice of Rendition of Judgment and Written Reasons, February 14, 2005, ¶8-9.  The family court cited Louisiana Civil Code articles 2369.1 and 807.

[12]  The family court's August 5, 2005 written reasons address the partition of Lyssy's military retirement payments under 10 U.S.C. §1408.

III.   Dischargeability of White's Claim Against the Debtor

White owned an undivided one-half interest in property of the former community, which included Lyssy's military pension. La. Civil Code art. 2369.2. After the divorce, she held that interest as a co-owner, so when Lyssy retired in 1992, he was not entitled to the whole pension because he owned only half of it. *See* La. Civil Code art. 2369.1; 10 U.S.C. §1408(c). Lyssy acknowledged that White as his former spouse was entitled to an interest in the retirement. Therefore, the debtor had no right to take White's property for his sole and exclusive use. La. Civil Code art. 2369.3.

However, because White's claim is not one for support within the meaning of 11 U.S.C. §523(a)(5), Lyssy can discharge the claim in his chapter 13 case. Even assuming – without finding – that his use of her share of the pension payments was willful and malicious, and tantamount to a conversion,[13] Lyssy as a chapter 13 debtor may discharge his liability to White for willful and malicious injury to her property. 11 U.S.C. §1328(a).

## Conclusion

Mary Lyssy White's claim against Harold Lyssy is not one for spousal support. Therefore, it is not excepted from the chapter 13 "superdischarge" in 11 U.S.C. §1328(a).

For these reasons, the court will dismiss the complaint and amended complaint.

Baton Rouge, Louisiana, September 14, 2006.

**/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[13]   Lyssy's uncontradicted testimony was that no court had ordered either a seizure of his retirement payments, or directed him to put aside any of the retirement payments he received.